# EXHIBIT B2

Bruce A. Flint
*Attorney*
*Licensed in*
*TX, AR, LA, NJ,*
*OK & MA*

Matthew Q. Soyars
*Attorney*
*Licensed in*
*TX & AR*

# Flint & Soyars, P.C.

Sheral Williams
*Claims Investigator*
*Texarkana Office*

John R. Wendell
*Prelitigation Supervisor*
*Texarkana Office*

2821 Richmond Rd. | Texarkana, Texas 75503
1 (888) 793-5468 | (903) 334-8928 | Fax: (903) 334-8853
www.bruceflint.com

Filed 6/10/2016 3:30:13 PM
Billy Fox
District Clerk
Bowie County, Texas
Theresa Capps, Deputy

June 10, 2016

**VIA E-FILE**

Billy Fox
Bowie County District Clerk
710 James Bowie Drive
New Boston, Texas 75570

    Re:    *Michelle Cheatham v. Len Dubois Trucking Inc., and National Interstate Insurance Company*
            *In the District of Bowie County, Texas*
            *Cause No.* 16C0885-202

Dear Billy:

Enclosed you will find *Plaintiff's Original Petition and Jury Demand* for filing in the captioned matter.

Please issue a citation for service to the following foreign entities:

Len Dubois Trucking Inc. through its President, Jason Dubois
1001 Elgin Ave.
Winnipeg, MB R3E 1B5
Canada

National Interstate Insurance Company
through its agent for service of process, Corporation Service Company
211 East 7th Street, Suite 620
Austin, Texas 78701-3218

**Please forward the citations to our office for service.**

Thanking you, I am

                                      Very truly yours,

                                      /s/Rene' T. Schmitt

                                      Rene' T. Schmitt
                                      Paralegal
                                      rene'@bruceflint.com

Flint & Soyars, P.C.
Oficina de Abogados
Se Habla Español
Se Fala Português Brasileiro

Flint and Soyars
3400A West Hillsboro
El Dorado, AR 71730
(870) 862-9400

Filed 6/10/2016 3:50:13 PM
Billy Fox
District Clerk
Bowie County, Texas
Theresa Capps, Deputy

CAUSE NO. 16C0885-202

| | | |
|---|---|---|
| **MICHELLE CHEATHAM** | § | IN THE DISTRICT COURT |
|    Plaintiff | § | |
| | § | |
| V. | § | OF |
| | § | |
| **LEN DUBOIS TRUCKING INC., AND** | § | |
| **NATIONAL INTERSTATE** | § | |
| **INSURANCE COMPANY** | § | |
|    Defendants | § | BOWIE COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMEs NOW**, MICHELLE CHEATHAM, Plaintiff, last three digits of social security no. 078, and last three digits of Texas Driver's License no. 135, by and through her attorneys of record, Flint & Soyars, P.C., complaining of Defendants, LEN DUBOIS TRUCKING INC., and NATIONAL INTERSTATE INSURANCE COMPANY and for her cause of action would respectfully show the Court and jury as follows:

### I.
### Discovery Control Plan

Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level II control plan.

### II.
### Parties

Plaintiff MICHELLE CHEATHAM is a resident of 1423 Waller Street, Texarkana, Miller County, Arkansas.

Defendant LEN DUBOIS TRUCKING INC. is a foreign trucking company, registered with the U.S. Department of Transportation Federal Motor Carrier Safety Administration under U.S. DOT #659729 to conduct business in the State of Texas, having its principal place of business at

1001 Elgin Ave., Winnipeg, MB R3E 1B5, Canada. Service of process may be made on this defendant by serving its President, Jason Dubois, at 1001 Elgin Ave., Winnipeg, MB R3E 1B5, Canada.

Defendant NATIONAL INTERSTATE INSURANCE COMPANY is a foreign corporation doing business in Texas, having its principal place of business at 3250 Interstate Drive, Richfield, Ohio 44286. Service of process may be made on this defendant by serving its agent for service of process, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

### III.
### Relief Sought

Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff MICHELLE CHEATHAM, seeks "monetary relief over $100,000 but not more than $200,000".

### IV.
### Jurisdiction and Venue

The amount in controversy exceeds the minimum jurisdictional limits of this Court. Venue is proper in Bowie County, Texas pursuant to section 15.002 of the Texas Civil Practice and Remedies Code. Upon proper service of the Defendants, this Court has jurisdiction and venue is proper.

### V.
### Facts

On or about June 18, 2014, Plaintiff MICHELLE CHEATHAM was traveling westbound on Interstate 30, in Texarkana, Bowie County, Texas, and was passing an 18 wheeler truck in the inside lane. Suddenly and without warning, Plaintiff felt like she had lost control of her vehicle when it began swerving to the left and then to the right and into the ditch, flipping multiple times. A witness to the accident stated that the 18 wheeler made contact with Plaintiff's vehicle causing

the collision. The driver of the 18 wheeler failed to stop at the scene of the accident or as close to the scene as possible; failed to return to the scene of the accident; failed to determine whether a person was involved in the accident or whether that person required aid; and failed to remain at the scene of the accident until the operator complied with the requirements of Transportation Code Section 550.023. A witness to the accident identified the 18 wheeler as having markings identifying it as Defendant LEN DUBOIS TRUCKING INC.'s vehicle. Defendant LEN DUBOIS TRUCKING INC. is insured under a policy of insurance, pursuant to the requirements of the U.S. Department of Transportation Federal Motor Carrier Safety Administration, with Defendant NATIONAL INTERSTATE INSURANCE COMPANY under Policy/Surety Number NIFAM1000389012, and was in full force and effect at the time of this accident. The unanticipated collision caused serious injuries and damages to Plaintiff.

## VI.
### Negligence of Len Dubois Trucking Inc.'s Driver

Defendant, LEN DUBOIS TRUCKING INC.'s driver was negligent in various acts and omissions including, but not limited to the following, which negligence was the direct and proximate cause of the occurrence in question:

    I.    Driver inattention;

    II.    Failing to maintain a proper lookout;

    III.    Failing to timely apply brakes in order to avoid the collision; and

    IV.    Failed to stop at the scene of the accident or as close to the scene as possible;

    V.    Failed to return to the scene of the accident;

    VI.    Failed to determine whether a person was involved in the accident or whether that person required aid; and

    VII.    Failed to remain at the scene of the accident until the operator complied with the requirements of Transportation Code Section 550.023.

Each of these acts and omissions, taken singularly or in combination with others, constitutes negligence and was the direct and proximate cause of the injuries and damages sustained by Plaintiff.

## VII.
## Respondeat Superior

At the time of the accident described above, Defendant LEN DUBOIS TRUCKING INC.'s driver was the agent, servant and employee of Defendant LEN DUBOIS TRUCKING INC. and was acting with the course and scope of his authority as such agent, servant and employee. As such, Defendant LEN DUBOIS TRUCKING INC. is vicariously liable under the doctrine of *Respondeat Superior* for all of its agent's actions.

## VIII.
## Negligent Hiring

Plaintiff will show the Court that the acts and omissions of negligence of Defendant LEN DUBOIS TRUCKING INC., as set out herein, separately and collectively were a direct and proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff. The acts and/or omissions of negligence among others are as follows:

(a) Negligently hiring a dangerous and/or unqualified driver;

(b) Failing to comply with State and Federal traffic and safety regulations, by hiring a dangerous and/or unqualified driver;

(c) Failing to comply with State and Federal traffic and safety regulations, by failing to verify the driving history of Defendant LEN DUBOIS TRUCKING INC.'s driver; and

(d) Failing to properly screen, evaluate, investigate or take any reasonable steps to determine whether Defendant LEN DUBOIS TRUCKING INC.'s driver was unfit, incompetent or a danger to third parties.

Each of these acts or omissions, taken singularly or in combination with others, constitutes negligence and was the direct and proximate cause of the injuries and damages sustained by Plaintiff.

## IX.
### Damages sought from National Interstate Insurance Company

Defendant NATIONAL INTERSTATE INSURANCE COMPANY entered into a contractual agreement with Defendant LEN DUBOIS TRUCKING INC. to provide insurance coverage under Policy/Surety Number NIFAM1000389012, and said policy was in full force and effect at the time of this accident. Plaintiff is seeking recovery for her injuries and damages under the policy of insurance issued to Defendant LEN DUBOIS TRUCKING INC. by NATIONAL INTERSTATE INSURANCE COMPANY.

## X.
### Injuries and Damages

As a direct and proximate result of Defendant LEN DUBOIS TRUCKING INC.'s negligence, Plaintiff MICHELLE CHEATHAM, suffered severe and painful injuries to her body, including but not limited to hemorrhage in left conjunctiva of eye, head pain, severe contusions and abrasions, right arm pain due to fracture of distal ulnar. Plaintiff MICHELLE CHEATHAM's injuries were serious in nature and required that she be transported by LifeNet ambulance to Christus St. Michael Hospital ER. Plaintiff continues treatment for her injuries and is currently scheduled for additional surgery. Plaintiff MICHELLE CHEATHAM has experienced physical pain and mental anguish in the past and will, in all reasonable probability, continue to do so well

into the future by reason of the nature and severity of her injuries. Plaintiff has incurred reasonable and customary medical charges and expenses in the past for necessary medical treatment and will continue to incur medical charges and expenses in the future as a result of her injuries.

Plaintiff seeks her customary and reasonable past and future medical expenses as well as compensation for her pain, suffering, and mental anguish.

The damages incurred by Plaintiff MICHELLE CHEATHAM as of the date of the filing of this lawsuit are:

Past medical expenses:

| | |
|---|---|
| LifeNet | $ 918.47 |
| Christus St. Michael Health System | $ 13,272.63 |
| Christus St. Michael Health System | $ 16,754.81 |
| Radiology Consultants | $ 610.00 |
| Collom & Carney Clinic | $ 377.00 |

| | |
|---|---|
| Future medical expenses: | unknown at this time; |
| Pain and suffering: | to be determined |
| Mental anguish: | to be determined |

## XI.
## Loss of Earnings

As a result of the injuries sustained, Plaintiff has incurred a loss of earnings.

## XII.
## Jurisdictional Limits

By reason of the above and foregoing, Plaintiff has been damaged in a sum in excess of the minimum jurisdictional limits of this Court.

## XIII.
## Jury Demand

Plaintiff demands a trial by jury.

...

## XIV.
## Prayer

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests that the Defendants be cited to appear and answer herein; that she be awarded past and future medical expenses; that she be compensated for her lost wages; that she be compensated for her pain, suffering, and mental anguish; that she be awarded judgment against the Defendants in a sum in excess of the minimum jurisdictional limits of this Court; that she be awarded pre-judgment and post-judgment interest at the maximum legal rate provided by law; that she recover from Defendants her costs herein expended, such costs to include a reasonable attorney's fee; and that she receive any and all other relief to which she may be justly entitled.

Respectfully submitted,

**FLINT & SOYARS, P.C.**
2821 Richmond Road
Texarkana, Texas 75503
Telephone:  903-334-8928
Facsimile:  903-334-8853
E-mail:  msoyars@bruceflint.com
bruceflint@aol.com

/s/Matthew Q. Soyars
Matthew Q. Soyars
Texas Bar No. 24037534
Bruce A. Flint
Texas Bar No. 07150100
**Attorneys for Plaintiff**